UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:19-cr-00255-TWP-MJD |
| JALEN HOWARD, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S EMERGENCY MOTION TO RECONSIDER
DETENTION ORDER DUE TO CHANGED CIRCUMSTANCES**

This matter is before the Court on Defendant, Jalen Howard's ("Howard") Emergency Motion to Reconsider Detention Order Due to Changed Circumstances Created by the Coronavirus Pandemic (Filing No. 34). The Government filed a Response in Opposition (Filing No. 36), and Howard has filed a Reply (Filing No. 37). For the following reasons, the Motion is **denied**.

### I. BACKGROUND

Howard was indicted on August 6, 2019 and charged with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). He was ordered detained by the Magistrate Judge on September 18, 2019 after a finding by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community, and by a preponderance of evidence that no condition or combination of conditions of release would reasonably assure Howard's appearance as required. (Filing No. 27.) He is presently detained at the Grayson County Detention Center, Grayson County, Kentucky. He asks the Court to reconsider the detention Order issued by this Court because of changed circumstances in jails and prisons across the country due to the COVID-19 pandemic. He seeks pretrial release on conditions pursuant to 18 U.S.C. § 3142(i). Specifically, Howard requests temporary release

to home incarceration in Indianapolis, Indiana at a residence with his wife and three children, with GPS monitoring. He argues the evidence of guilt is not particularly strong and he intends to proceed to trial. He asserts that his history of violence -- Felony Battery (2012) and Felony Strangulation and Battery Resulting in Bodily Injury (2016) -- is remote; and his three prior failures to appear were "recalled days later". ([Filing No. 34 at 4-6](Filing No. 34 at 4-6).)

The Government opposes the Motion arguing Howard's COVID-19 motion raises no valid changed circumstances relating uniquely to him, rather, he makes broad and unsubstantiated claims regarding conditions at the jail in light of the worldwide spread of COVID-19 and such speculation cannot justify release. The Government also notes that the Grayson County Jail, has implemented aggressive steps to counter the spread of the COVID-19 virus at its facility. The Government asserts that nothing in Howard's Motion alters his risk of flight or the danger he poses to the community should he be released. ([Filing No. 36 at 4](Filing No. 36 at 4).)

## II. **ANALYSIS**

As an initial matter, the Court determines a hearing is not necessary. When a criminal defendant appears before a judicial officer, the judicial officer must order the "pretrial release" of the person, subject to certain conditions, unless "the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community." 18 U.S.C. § 3142(b). The judicial officer "may, by subsequent order, permit the temporary release of the person … to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id.* § 3142(i).

It is undisputed that the entire United States—including Indiana and Kentucky—is in the midst of the COVID-19 pandemic. Howard seeks release from detention because the prospect of

a COVID-19 outbreak in the county jails serving as the district's federal holding facilities is not speculative, but rather highly likely. That may be true, however, Howard's circumstances are no more unique than hundreds of other pretrial detainees in this district. The COVID-19 pandemic has reduced the availability of pretrial supervision conditions to mitigate the risk to the community and the resources of the United States Probation Office are presently limited. The number of officers available to provide supervision and the availability of GPS and other home detention equipment is strained. The Probation Office's limited resources should be reserved for the release of those in pretrial detainment whose circumstances have truly changed—such as those who are elderly or at high risk for the virus.

Howard's Motion provides no "changed circumstances" or other compelling reason justifying his immediate release from pretrial detention. His history of violence, substance abuse history, mental health history, failures to appear in court, violations of the conditions of probation, parole and community corrections, history of weapons use, and pattern of similar criminal activity history remain unchanged. Howard's history of unwillingness to follow rules and a disregard for the welfare of others convinces the Court that there remain no conditions or combination of conditions that will reasonably assure his appearance as required and the safety of the community. Therefore, his Motion is **denied**.

### III. CONCLUSION

For the reasons set forth above, Howard's Emergency Motion to Reconsider Detention Order Due to Changed Circumstances Created by the Coronavirus Pandemic ([Filing No. 34](Filing No. 34)) is **DENIED.** This matter remains scheduled for trial by jury on June 29, 2020.

**SO ORDERED.**

Date: 4/1/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Harold Samuel Ansell
INDIANA FEDERAL COMMUNITY DEFENDERS
sam.ansell@fd.org

Abhishek Kambli
UNITED STATES ATTORNEY'S OFFICE
abhishek.kambli@usdoj.gov