**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cr-00225-TWP-MJD |
| ) | |
| JALEN HOWARD ) | |
| Defendant. ) | |

**ORDER DENYING MOTION FOR CONTINUANCE**

This matter is before the Court on Defendant Jalen Howard's ("Howard") Motion to Continue Final Pretrial Conference and Trial Date, (Filing No. 55), and the Government's Response in opposition (Filing No. 59). Howard is charged with one count of Possession of a Firearm by a Convicted Felon. (Filing No. 5.) This case has been pending for approximately 21 months, since July 18, 2019, and is scheduled for trial by jury on Monday, May 3, 2021. The Court previously denied the request to continue the final pretrial conference, and that conference was held on April 13, 2021. (*See* Dkts. 58 and 79.) Having considered Howard's Motion and the Government's Opposition, for the following reasons the Motion to Continue trial is **denied**.

**I. DISCUSSION**

The Seventh Circuit has stated that in deciding whether to grant a motion to continue, a district court should consider several factors, including: (1) the amount of time available for preparation; (2) the likelihood of prejudice from denial of the continuance; (3) the defendant's role in shortening the effective preparation time; (4) the degree of complexity of the case; (5) the availability of discovery from the prosecution; (6) the likelihood that a continuance will satisfy the movant's needs; and (7) the inconvenience and burden to the district court and its pending case load. *U.S. v. Volpentesta*, 727 F.3rd 666, 679 (7th Cir. 2013).

Prior to this trial date, Howard filed three continuances and the parties filed one joint motion to continue due to the COVID-19 pandemic. ([Filing No. 28](), 30, 41 and 43.) In addition, the Court continued the trial date to the current date, due to the circumstances presented by the COVID-19 pandemic. ([Filing No. 45]().) On February 24, 2021, the Government sought a continuance of the May 3, 2021 trial date, ([Filing No. 46]()), to which Howard objected indicating that he was prepared for trial and concerned because of how long he had been in custody. The Court denied the Government's request for a continuance. (*See* Dkt. 47.)

Howard now seeks a continuance because he has been unable "to locate a critical witness" and the "defense also recently learned of another individual present at the scene when law enforcement arrested Mr. Howard." ([Filing No. 55]().) Howard requests additional time to locate the critical witness and to identify and locate additional witnesses.

The Government responds that Howard is referring to a witness that has been identified as an individual the Government also intends to call in its case-in-chief, whom the Government also has been unable to locate; there are a team of federal agents who are actively working to locate this individual. ([Filing No. 59 at 2]().) Recognizing that the witness may not now or ever be found, the Government has requested that defense counsel propose a set of stipulations that the parties could agree to with regard to this particular witness' expected testimony. *Id*.

During the April 13, 2021 final pretrial conference, Howard's counsel confirmed that the identity and whereabouts of some of his proposed missing witnesses have been discovered. However, counsel contends that other witnesses whom he has not identified or spoken to "may" exist, and he requested a continuance of 30 to 60 days to identify and interview potential witnesses. The Government again argued in opposition, asserting that defense counsel is asking for a


continuance based on the speculative nature that these witnesses even exist, and that their testimony "might" be helpful to the defense.

At the hearing, Howard's request for a continuance of 30 to 60 days was denied due to congestion of the Court's calendar and defense counsel was instructed to utilize the services of the Federal Defenders' investigator to assist in identification and interview of potential witnesses. Defense counsel indicated that he would soon be interviewing witness Tyler Gigure regarding the identities of potential unidentified witnesses.

In denying the request for continuance, the Court has considered the factors recognized by the Seventh Circuit. The trial of this case has been delayed on five occasions. This case has been pending for approximately 21 months and despite logistical difficulties caused by the pandemic, counsel have had ample time to discover, identify and interview witnesses, and prepare for trial. Both Government agents and Federal Defender investigators have been unable to locate the missing witness to date; an additional 30 to 60 days is unlikely to produce him or her. Moreover, the Government has offered that defense counsel may propose a set of stipulations that the parties could agree to with regard to this particular witness' expected testimony.

The matter to be tried on May 3, 2021 is not complex. Howard is charged with one count of being a felon in possession of a firearm. The parties have stipulated that Howard is a convicted felon and that he had knowledge of his status prior to June 29, 2019, (Filing No. 67). The parties have stipulated that the handgun which Howard is charged with unlawfully possessing traveled in interstate and/or foreign commerce. (Filing No. 68.) The sole issue for trial is whether or not Howard possessed the firearm. Howard does not contend that any discovery has not been made available. The deadline for producing impeachment *Giglio* and *Jenks* material has not passed, and the Government indicated those materials will be timely disclosed. There is little likelihood that

much more could be accomplished with a continuance that cannot be accomplished in the next three weeks. Thus, there is little, if any, likelihood that Howard would be prejudiced by denial of this continuance.

Finally, a continuance would be inconvenient and burdensome to the district court's case load which is extremely congested at this time. Because of the pandemic, the speedy trials of several defendants have been suspended. The Court resumed conducting in-person jury trials on April 5, 2021, and jury trial availability in the Indianapolis Division is limited because of ongoing COVID-19 protocols.[1] This Court has several criminal trials (and civil trials) scheduled through the end of the year and rescheduling this trial would be difficult.

## II.  CONCLUSION

The May 3, 2021 trial date is firm. For the reasons stated above, Howard's Motion for Continuance, (Filing No. 55), is **DENIED.**

**SO ORDERED.**

Date: 4/15/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[1] For example, to maintain social distance in the jury assembly facilities, only one jury selection can be accommodated at a time in the Indianapolis Courthouse.

DISTRIBUTION:

Howard Samuel Ansell
INDIANA FEDERAL COMMUNITY DEFENDERS
sam.ansell@fd.org

Abhishek Kambli
UNITED STATES ATTORNEY'S OFFICE
abhishek.kambli@usdoj.gov

Kyle M. Sawa
UNITED STATES ATTORNEY'S OFFICE
kyle.sawa@usdoj.gov

Lawrence Darnell Hilton
UNITED STATES ATTORNEY'S OFFICE
lawrence.hilton@usdoj.gov